KENNETH S. GAINES, ESQ. SBN 049045
DANIEL F. GAINES, ESQ. SBN 251488
ALEX P. KATOFSKY, ESQ. SBN 202754
**GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Telephone: (818) 703-8985
Facsimile:  (818) 703-8984

Attorneys for Plaintiff NEAL SKURO, on behalf of himself and all others similarly situated, and on behalf of the general public

FILED
11 JAN 13 PM 2:14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

CV11 0409 JFW AJWx

| | |
|---|---|
| NEAL SKURO, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, d/b/a MOBILE MESSENGER and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Neal Skuro ("SKURO" or "Plaintiff") brings this class action complaint against Defendant MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, d/b/a MOBILE MESSENGER (collectively "Defendant" or "MM") as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. Upon personal knowledge as to himself and to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys, Plaintiff alleges as follows:

\\

## NATURE OF THE CASE

1. In an effort to derive income from cellular telephones consumers, Defendants engage in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cellular telephones of consumers across the nation.

2. By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"), Defendants have caused such consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. Plaintiff, on behalf of himself and a nationwide class of similarly situated persons, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), which prohibits unsolicited telephone calls to cell phones. Text messages are telephone calls within the meaning of the TCPA.

4. Plaintiff and the Class seek injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Neal Skuro is an individual and a resident of the County of Los Angeles, State of California. The claims alleged herein, including receipt of the SMS messages at issue, arose in this judicial district.

6. Defendant Mobile Messenger Americas, Inc., d/b/a Mobile Messenger is a Delaware corporation with its principal place of business in Henderson, Nevada. It does business throughout the United States and California, including Los Angeles County.

7. According to its web page, www.mobilemessenger.com/about.php, MM is the self-proclaimed "leading Mobile Solutions Provider, supplying its

-2-

partners with cutting edge technology and services that facilitate the marketing, distribution and monetization of digital content to mobile devices."

8. Based on information and belief, MM is the owner of the shortcode "688-51," the telephone number from which the text message calls that are the subject of this lawsuit are alleged to have originated. On information and belief, MM is the owner of other shortcodes that serve the same or similar purpose – to originate text message calls to consumers.

## JURISDICTION

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that section apply to this action.

## VENUE

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

11. In recent years, marketers, who often have felt stymied by federal or state laws limiting solicitations over residential telephones, facsimile machines, and e-mails, have looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

message call is successfully made, the recipient's cell phone typically rings, alerting him or her that a call is being received. As cellular telephones are inherently and frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14. Unlike more conventional solicitations, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

15. In recent months, Defendants and their agents, using an automatic telephone dialing system, caused mass amounts of wireless spam calls to be made to the cell phones of consumers across the country, advertising promotions and services of MM and/or its affiliates.

16. On or about December 7, 2010, Plaintiff's cell phone rang, indicating that a text call was being received. The "from" field of the transmission was identified cryptically as "688-51," a format which Plaintiff later learned was an abbreviated telephone number known as an SMS short code. On information and belief, that short code is owned and used by Defendants in their SMS text messaging promotional campaigns.

17. The body of the text message Plaintiff was sent read:
"You Have: 1 unread message from your secret crush.
Reply >>YES<< to get ur crush's name now! 4help
8002357105 $9.99/mo Msg&Data rates may apply. txt
stop 2stop."

18. Plaintiff dialed the phone number listed in the text message, 800-235-7105 and spoke with an agent of MM who confirmed MM's identity and location.

19. At no time did Plaintiff give prior express consent to the receipt of

-4-

such wireless spam text message calls from Defendants and/or their agents, nor did Plaintiff have any business relationship with Defendants.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action. This suit is properly maintainable as a class action pursuant to F.R.Civ.P. 23(a) and (b)(1), (b)(2) and/or (b)(3). Plaintiff seeks to represent a class composed of and defined as follows:

> "All persons in the United States who, within four years prior to the filing of this lawsuit, received one or more text messages from Defendants advertising Mobile Messenger's promotions or services; provided however, that Defendants and any officers or directors of Defendants are excluded from the Class."

21. This class is hereinafter referred to collectively as the "Class." Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

### A. Numerosity

22. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable, pursuant to FRCP 23(a)(1). While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that there are at least 500 members of the Plaintiff Class. As a result, joinder of all members of the proposed Class is not practicable.

### B. Commonality

23. There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual class members, pursuant to FRCP 23(a)(2). These common questions of law and fact include, without

limitation:

(a) Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A);
(b) Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorneys' fees from Defendants;
(c) Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and
(d) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

### C. Typicality

24. The claims of the named Plaintiff are typical of the claims of the proposed Class, as required by FRCP 23(a)(3). Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

### D. Adequacy of Representation

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class, as required by FRCP 23(a)(4). Counsel who represents Plaintiff is competent and experienced in litigating complex class actions.

### E. Superiority of Class Action

26. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or

-6-

practices. The proposed Class satisfied the requirements of FRCP 23(b)(1), (b)(2), and/or (b)(3).

27. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)
## PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though set forth fully herein.

29. Defendants made, or caused to be made, text calls to Plaintiff and the Class using an automatic telephone dialing system, within the meaning of 47 U.S.C. § 227(a). The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. By using such equipment, Defendants were able to make thousands of text calls to consumers automatically without human intervention.

30. These calls were made *en masse* and without the prior express consent of Plaintiff or other members of the Class.

31. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice ... to any telephone number assigned to a ... cellular telephone."

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

32. As a result of Defendants' illegal conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

33. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class request the following relief:

1. That the Court enter an order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

2. That the Court enter an order declaring that the actions of Defendants, as set forth herein, as well as in other respects, violate the law as set forth herein;

3. That the Court enter judgment against Defendants for actual and statutory damages, and if its conduct is proved willful, award Plaintiff and the Class treble and exemplary damages;

4. That the Court award Plaintiff and the Class their costs and expenses of suit, as well as reasonable attorneys' fees incurred in prosecuting this action pursuant to C.C.P. § 1021.5;

5. That the Court award Plaintiff and the Class post-judgment interest;

6. That the Court issue an injunction prohibiting Defendants from continuing their conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A); and

7. That the Court award such other and further relief as may be necessary or appropriate.

\\

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: January 12, 2011

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
KENNETH S. GAINES
DANIEL F. GAINES
ALEX P. KATOFSKY
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 409 JFW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

KENNETH S. GAINES, ESQ. SBN 049045
DANIEL F. GAINES, ESQ. SBN 251488
ALEX P. KATOFSKY, ESQ. SBN 202754
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367 / 818-703-8985

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL SKURO, on behalf of himself and all others similarly situated, and on behalf of the general public <br><br> PLAINTIFF(S) <br> v. <br><br> MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, d/b/a MOBILE MESSENGER and DOES 1 through 10, inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV11 0409 JFW AJWx** <br><br> SUMMONS |

TO: DEFENDANT(S): <u>MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, d/b/a MOBILE MESSENGER</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Gaines & Gaines, APLC</u>, whose address is <u>21550 Oxnard Street, Suite 980, Woodland Hills, CA 91367</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN 1 3 2011__       By: __CHRISTOPHER POWERS__
                                  Deputy Clerk

                                  (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1181

CV-01A (12/07)                    SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NEAL SKURO, on behalf of himself and all others similarly situated, and on behalf of the general public

**DEFENDANTS**
MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, d/b/a MOBILE MESSENGER and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kenneth S. Gaines, Daniel F. Gaines, Alex P. Katofsky
GAINES & GAINES, APLC
21550 Oxnard St., #980, Woodland Hills, CA 91367 / 818-703-8985

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV11 0409**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada, Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date January 11, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |